CHURCHILL AND CHEEDLE *v.* BOWMAN AND MANSFIELD.

*Payment.    Partnership.    Consideration.    Condition Precedent.*

- A. and B. sold to the defendants a quantity of iron for $276.52, the trade being made with B., and the defendants supposing him to be the sole owner of the iron.    When this iron was sold, B. was indebted to the defendants in the sum of $11.65 for a saw gummer.    After the iron was delivered it was agreed between the defendants and B., in A.'s presence, and with his consent, that the defendants should pay the plaintiffs $264.87, the price of the iron taking out the amount due for the saw gummer, and if B. should present an order from one G., whom B. claimed ought to pay for the saw gummer, directing the defendants to charge the gummer to G., then the defendants were to pay the plaintiffs $11.65, otherwise the matter was to be treated as settled by the parties.    The defendants paid $264.87, according to agreement, but B. never brought any order from G. directing that the gummer be charged to him.    *Held,* that the iron was paid for in full.

Although the $11.65 for the saw gummer was a claim against B. alone, it was competent for the plaintiffs to accept it in payment of their company claim.

The consideration of the defendants' promise to pay the plaintiffs $11.65 upon delivery to the defendants of G.'s agreement to pay the defendants the same amount, was executory, and the delivery of G.'s agreement to the defendants, constituted a condition precedent, and without such performance the plaintiffs have no right of recovery.

Churchill et al. *v.* Bowman et al.

The defence in this case is in effect payment and not accord and satisfaction, hence it does not come within the doctrine of those cases where the sum due is a liquidated amount, about which there is no dispute, in which cases the receiving a part of such debt, under an agreement that the same shall be in full satisfaction is no bar to an action to recover the balance.

ASSUMPSIT upon the common counts to recover for a quantity of iron. Plea, the general issue, and notice of special matter in defence. Trial by the court at the September Term, 1866, KELLOGG, J., presiding.

The court found that the iron was paid for in full, and rendered a judgment for the defendants to recover their costs. To this decision and judgment the plaintiffs excepted. The facts found by the court are stated in the opinion.

*Reuben R. Thrall*, for the plaintiffs.

*Prout, Dunton & Peabody*, for the defendants.

The opinion of the court was delivered by

WILSON, J. This is an action of assumpsit and the question is whether the facts found by the county court constitute a payment of the claim sought to be recovered.

The plaintiffs sold and delivered to the defendants a quantity of old iron amounting to $276.52, of which sum it is claimed by the plaintiffs that $11.65 was due and unpaid at the time this suit was commenced. The defendants admit the sale and delivery of the iron at the price charged, and allege in their notice, of special matter of defence, that at the time of the sale and delivery of the iron to the defendants, Cheedle, one of the plaintiffs, was indebted to the defendants in the sum of $11.65 for a saw gummer, manufactured by the defendants for Cheedle ; that the plaintiffs, before the commencement of this suit, agreed with the defendants to deduct the $11.65 due for the saw gummer from Cheedle to the defendants, from the amount due the plaintiffs for the iron ; that they then received of the defendants $264.87 in full payment for the iron, the last mentioned sum being the balance for the iron, deducting the aforesaid claim against Cheedle.

The notice of defence further alleges that the defendants, at the time of such payment, agreed to thereafter pay the plaintiffs the sum of $11.65, so deducted, in case the plaintiffs or Cheedle should bring an order from one Chester Granger to the defendants directing them to charge the saw gummer to Granger, otherwise the settlement was to be complete and final between the parties; and it is averred that the plaintiffs did not, nor did Cheedle present to the defendants an order from Granger directing the saw gummer to be charged to him. It appears that Cheedle claimed it belonged to Granger to pay for the saw gummer, and, on this ground, he at first refused to pay for it, or allow the defendants to offset the claim towards the iron; but it does not appear that he objected to the proposed offset on the ground that the claim for the iron was a company debt, due to the plaintiffs and not to Cheedle alone. The county court found that the plaintiffs finally agreed to receive of the defendants, and did receive of them $264.87, the price of the iron, taking out the amount due for the gummer; and that the defendants agreed that if Cheedle should present to them an order from Granger directing the defendants to charge the saw gummer to him, then the defendants were to pay the plaintiffs $11.65, otherwise the matter was to be treated as settled by the parties. Cheedle did not present the proposed order, consequently the county court found that the iron was paid for in full.

Several authorities are cited by the plaintiffs' counsel to show that where the sum due is a liquidated amount, about which there is no dispute, the receiving of a part of such debt, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance. But this case does not come within the doctrine of those cases, for the defence is, in fact, payment and not accord and satisfaction. The county court found that Cheedle was, at the time of the settlement, indebted to the defendants in the sum of $11.65 for the saw gummer, and, although a claim against Cheedle alone, it was competent for the plaintiffs to accept it in payment of their company debt. The plaintiffs' debt, we think, was paid in full; they received of the defendants in money and in the claim against Cheedle the sum of $276.52, which was the full price of their iron. The defendants' argument constituted a promise to

Churchill et al. *v.* Bowman et al.

pay the plaintiffs $11.65 upon delivery to the defendants of Granger's agreement to pay the defendants the same amount. The consideration of the defendants' promise was executory, the performance of which, on the part of the plaintiffs, constituted a condition precedent, and without such performance they have no right of recovery.

We find no error in the proceedings of the county court, and the judgment of that court is affirmed.